IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOKF, NA, a national bank, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-CV-556-GKF-JFJ |
| | ) |
| RC OPERATOR, LLC and | ) |
| JOSEPH SCHWARTZ, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the court is the Motion for Summary Judgment [Doc. 22] of plaintiff BOKF, NA. BOKF contends defendants RC Operator, LLC and Joseph Schwartz are personally liable to BOKF for sums due pursuant to defendants' guarantees of loans made by BOKF to two limited liability companies.

Rule 56 of the Federal Rules of Civil Procedure states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is "genuine" if the evidence permits a rational trier of fact to resolve the issue either way. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 644, 670 (10th Cir. 1998). A fact is "material" if it is essential to the outcome of the case. *Id.* On review, a court must examine the record in the light most favorable to the party opposing summary judgment. *Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995). But "the nonmoving party may not rest on its pleadings [and] must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). Indeed, bare allegations, without evidentiary support, will not suffice.

1

*See Joe Hand Promotions, Inc. v. Kinder*, No. 11-CV-450-GKF-PJC, 2012 WL 5494926, at *2 (N.D. Okla. Nov. 13, 2012).

Undisputed Material Facts

The defendants have not disputed any of the material facts set forth in BOKF's brief. Accordingly, all of the material facts set forth in BOKF's statement of material facts are deemed admitted for the purpose of summary judgment. LCvR56.1(c); Fed.R.Civ.P. 56(c). Those material facts include the following:

On September 1, 2016, Crestview Care and Rehabilitation Center, LLC and Nashville Realty Holdings, LLC (collectively, the "Borrowers") executed a loan agreement with BOKF to purchase a nursing facility. Defendant Schwartz signed the Loan Agreement as manager of Crestview Care, and his wife, Rosie Schwartz, signed the Loan Agreement as manager of Nashville Realty.

The Loan Agreement provided that Borrowers were to receive an Advancing Term Loan Note and a Revolving Term Loan Note. Like the Loan Agreement, the Notes were signed by Schwartz as manager of Crestview Care and by Rosie Schwartz as manager of Nashville Realty.

As security for the Loan Agreement, defendant RC Operator, an LLC for which Schwartz is manager, and defendant Schwartz each executed an unconditional and continuing Guaranty Agreement wherein they made certain promises and guarantees to BOKF, including but not limited to the unconditional and absolute guaranty of payment of the Borrowers' indebtedness to BOKF under the Loan Agreement.

On or about April 20, 2018, BOKF sent Borrowers a Notice of Default informing them of various breaches of the Loan Agreement. Both RC Operator, LLC and Schwartz were copied on the Notice of Default. At the time of default, BOKF had dispersed approximately $2.58 million

to Borrowers under the terms of the Loan Agreement, which amounts became due and owing upon default.

Section 9.01 of the Loan Agreement provides that Borrowers must indemnify BOKF for all costs, including attorneys' fees, associated with BOKF's enforcement of its rights. [Doc. 22-1, p. 55].

The Advancing Term Loan Note has a principal balance of $1,928,921.77, accrued interest through March 31, 2018 in the amount of $110,573.77, interest accruing thereafter at $345.53 per day, plus attorneys' fees and costs.

The Revolving Term Loan Note has a principal balance due of $675.000.00, accrued interest through March 31, 2018 in the amount of $38,827.71, interest accruing thereafter at $120.91 per day, plus attorneys' fees and costs.

Pursuant to Section 17.1 of the Schwartz Guaranty and Section 18.1 of the RC Operator Guaranty, the Guarantors are obligated to reimburse BOKF for all reasonable out-of-pocket expenses, including reasonable attorneys' fees incurred by BOKF arising out of or in connection with the enforcement of the guaranteed obligations or arising out of or in connection with any failure of RC Operator and Schwartz to fully and timely perform their obligations under the Guaranties. RC Operator and Schwartz are in default under the terms of the Guaranties.

<u>Discussion</u>

The Guarantors raise two arguments in response to the motion. First, they contend a genuine issue of material fact remains regarding BOKF's failure to mitigate damages. Second, they argue that BOKF seeks attorneys' fees and costs which are unrelated to this matter and are not compensable here. The court addresses each argument in turn.

1. <u>Failure to Mitigate</u>

In support of their contention that BOKF has failed to mitigate its damages, the Guarantors point to an action BOKF brought against the Borrowers in the Chancery Court for Davidson County, Tennessee. In that action, BOKF requested the appointment of a receiver for Nashville Metro Care and Rehabilitation, the nursing home purchased by the Borrowers. [Doc. 26-1, pp. 1-14]. On August 7, 2018, the Chancery Court appointed a receiver. [Doc. 26-2].

The Guarantors argue that BOKF failed to mitigate damages because, by seeking the appointment of a receiver instead of seeking foreclosure, BOKF caused unnecessary legal fees and other expenses related to the receivership and maintenance of the property. But Section 2.2 of the Guaranty Agreements provides that "the Lender . . . shall not be required . . . to foreclose or realize any security interest in . . . any property of the Borrowers . . . in which the Lender holds a security interest." [Doc. 22-1, pp. 82, 94]. And the Guarantors cite no legal authority requiring BOKF to pursue foreclosure instead of a receivership. As BOKF sets forth in its reply, the appointment of a receiver under Tennessee law is premised on preserving value, not depleting it. *See, e.g., In re Armstrong Glass Co., Inc.*, 502 F.2d 159, 163 (6th Cir. 1974) (in Tennessee, a receiver may be appointed in equity when necessary for the purpose of preserving the property in controversy, pending the litigation, for the benefit of the successful party).

The court concludes that BOKF's efforts in seeking and obtaining a receiver over the collateral securing the loan the defendants guaranteed cannot reasonably be considered as a

failure to mitigate damages, and does not create an issue of material fact precluding summary judgment on BOKF's claim for breach of the Guaranty Agreements.

    2.   <u>Expenses Related to This Case</u>

As for Guarantors' second argument, they point to Section 18.1 of the RC Operator Guaranty and Section 17.1 of the Schwartz Guaranty, in which the Guarantors agreed to "reimburse the Lender upon demand for all reasonable,[1] out-of-pocket expenses (including reasonable attorneys' fees and legal expenses) incurred by the Lender arising out of or in connection with the enforcement of the Guaranteed Obligations or arising out of or in connection with any failure of the Guarantor to fully and timely perform its[2] obligations hereunder." [Doc. 22-1, pp. 90, 98-99]. The Guarantors argue that this language limits their potential liability for attorneys' fees and costs to those incurred in this action alone, and therefore precludes BOKF from collecting attorneys' fees and expenses associated with the Chancery Court action in Tennessee.

However, Guarantors overlook Section 9.01 of the Loan Agreement and Section 2.1 of the Guaranty Agreements. Section 9.01 of the Loan Agreement, entitled "Costs and Expenses," provides that

> The Borrowers shall pay . . . (ii) all out-of-pocket expenses incurred by the Lender (including the fees, charges and disbursements of any counsel for the Lender) in connection with the enforcement or protection of its rights (A) in connection with this Agreement and the other Loan Documents, including its rights under this Section 9.01, or (B) in connection with the Loans, including all such out-of-pocket expenses incurred during any workout, restructuring or negotiations with respect of the Loans.

---

[1] The RC Operator Guaranty uses the word "actual."
[2] The Schwartz Guaranty uses the word "their."

[Doc. 22-1, p. 55]. Section 2.1 of the Guaranty Agreements, entitled "Guaranteed Obligations," provides in pertinent part:

> The Guarantor hereby guarantees to the Lender and each of the holders of the Guaranteed Obligations, absolutely, unconditionally and irrevocably, the prompt performance and payment when due . . . of the following liabilities, obligations and indebtedness (hereinafter collectively referred to as the "Guaranteed Obligations"): (a) any and all obligations, liabilities and indebtedness of the Borrowers to the Lender, whether now existing or hereafter arising under or in connection with the Loan Agreement and whether for principal, interest, fees and other loan charges, indemnities, reimbursement obligations, or otherwise . . . (c) all actual, out-of-pocket costs and expenses of collection, including reasonable attorneys' fees, (d) interest and other monetary obligations accruing during the pendency of any bankruptcy, insolvency, receivership or similar proceeding involving the Borrowers, regardless of whether allowed or allowable in such proceeding . . .

[Doc. 22-1, pp. 81-82, 93-94].

The plain reading of the Guaranteed Obligations makes the defendant Guarantors responsible for Borrowers' obligation to reimburse BOKF for the fees, costs and expenses associated with protecting BOKF's rights under the Loan Agreement through the pursuit of a receivership action in Tennessee. The court therefore concludes that BOKF is entitled to recover from the Guarantors the costs and expenses, including reasonable attorneys' fees, incurred in connection with the receivership action.

WHEREFORE, Plaintiff BOKF, NA's Motion for Summary Judgment [Doc. 22] is granted. At the upcoming status conference on November 25, 2019, counsel shall be prepared to discuss the scheduling of an evidentiary hearing on 1) the issue of reasonable attorneys' fees incurred in this action to be included in a final Judgment; and 2) the issue of reasonable out-of-pocket expenses (including reasonable attorneys' fees and legal expenses) incurred by BOKF arising out of or in connection with the receivership action in Tennessee.

IT IS SO ORDERED this 22nd day of November, 2019.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE